UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRIS PHILLIPS,<br><br>    Plaintiff,<br><br>    v.<br><br>BRADFORD W. LOMAS and MARTHA J. VEGA, as Personal Representatives of the Estate of Richard Lomas,<br><br>    Defendants. | CASE NO. C11-213RSM<br><br>ORDER OF DISMISSAL |

Plaintiff Chris Phillips, M.D., appearing *pro se*, filed this action to assert various state-law claims in tort and contract against Richard Lomas, M.D., now deceased. Dkt. ## 1, 7. The Court has jurisdiction pursuant to the diversity provisions of 28 U.S.C. § 1332(a), as plaintiff is a resident of Nova Scotia, Canada and Boston, Massachusetts, and the estate is a resident of Washington, where the decedent resided. 28 U.S.C. §1332(c)(2). The complaint arises from events that occurred in Washington State in late 2007, and early 2008, after plaintiff, an ophthalmologist, purchased an eye surgery practice from Dr. Lomas. The complaint alleges, in relevant part, that plaintiff asked Dr. Lomas to prescribe pain medication for him, that Dr. Lomas did so after learning plaintiff's medical history, and

ORDER - 1

that Dr. Lomas subsequently revealed to others at the eye clinic that Dr. Phillips used narcotic pain medication. Amended Complaint, Dkt. # 7, ¶¶ 79-100. As a result of leaks of this information to the media, plaintiff had to close the medical practice and declare bankruptcy. *Id*., ¶¶ 107-140.

This matter is now before the Court for consideration of defendants' motion for summary judgment, Dkt. # 36. This motion was originally noted on the Court's calendar for November 18, 2011, and later re-noted to November 25, 2011. Dkt. ## 36, 40. Plaintiff's opposition to the motion for summary judgment was due November 21, 2011. Local Rule CR 7(d)(3). Plaintiff has not filed any opposition whatsoever; instead he filed an un-noted "motion for voluntary dismissal" on November 21. Dkt. # 41. The motion asks that the action be dismissed without prejudice, but states no basis for requesting dismissal without prejudice instead of with prejudice.[1]  In light of defendants' pending motion for summary judgment, to which plaintiff failed to respond, the Court shall dismiss the action with prejudice.

Summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Id*. Under the traditional formulation, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F. 3d 1216, 1221 (9th Cir. 1995). It should also be granted where there is a "complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where a party fails to address assertions of

---

[1] The voluntary dismissal request does refer to the so-called Deadman's Statute, RCW 5.60.030, which effectively bars an adverse party from testifying about a conversation with a decedent, in matters regarding the estate, when it would be in the party's interest to do so. "Death having closed the lips of one party, the law closes the lips of the other." *Estate of Cunningham*, 94 Wash. 191 (1917).

ORDER - 2

fact offered by the movant, the Court may grant summary judgment, provided that the motion and supporting materials show that the movant is entitled to it. Fed.R.Civ.P. 56(e)(3).

Defendants have properly supported the motion for summary judgment with sworn declarations made on personal knowledge. Dkt. ## 38, 39, 40. Two of these declarations assert that there are no records that would establish a physician-patient relationship between Dr. Phillips and Dr. Lomas, and no prescription written by Dr. Lomas for Dr. Phillips. *Id*. The motion itself correctly argues the applicable legal bases for dismissal of each of plaintiff's claims, two of which fail on statute of limitations grounds, and others for lack of factual basis. Dkt. # 38, pp. 6. Plaintiff has wholly failed to offer any argument or evidence in opposition, even when he could do so without reference to conversations or transactions with Dr. Lomas. He has failed, most notably, to produce any copy of a prescription written for him by Dr. Lomas.[2] Pursuant to Local Rule CR 7(b)(2), this failure may be deemed by the Court as an admission by plaintiff that defendants' motion has merit. The Court so deems it.

Defendants' motion for summary judgment (Dkt. # 36) is accordingly GRANTED, and the complaint and action are hereby DISMISSED with prejudice. The Clerk shall enter judgment in favor of defendants on all claims.

DATED this 29 day of November 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[2] The exhibits attached to the amended complaint consist solely of copies of the Purchase and Sale Agreement for the medical practice, and documents from plaintiff's bankruptcy proceedings. Dkt. # 7, Exhibits 1-10.

ORDER - 3